JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CONTINENTAL CASUALTY COMPANY

**DEFENDANTS**

ULTRA CLEAN SYSTEMS, INC. & THERMOPLASTIC PROCESSES A TPI PARTNERS CORP

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Pinellas County, FL

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Randy C. Greene, Esquire
Dugan, Brinkman, Maginnis and Pace
1880 John F. Kennedy Boulevard, Philadelphia, PA (215) 563-3500

Attorneys *(If Known)*
Patricia Baxter, Esquire and Alysa Talarico, Esquire
Morgan & Akins, PLLC
30 S. 15th St., Ste. 701, Philadelphia, PA 19102 (267) 691-3900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Product liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
11/12/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Continental Casualty Company | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Ultra Clean Systems, Inc. and Thermoplastic | : | |
| Processes A TPI Partners Corp. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

Ultra Clean Systems, Inc.

| 11/12/2019 | Alysa Talarico, Esquire | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-691-3900 | 215-600-1303 | atalarico@morganakins.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ **CONTINENTAL CASUALTY COMPANY**

Address of Defendant: _____ **ULTRA CLEAN SYSTEMS, INC.**

Place of Accident, Incident or Transaction: _____ York, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **11/12/2019** _____ **84512**

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**CONTINENTAL CASUALTY COMPANY**

          **Plaintiff(s),**

    **vs.**

**THERMOPLASTIC PROCESSES
A TPI PARTNERS CORP
and
ULTRA CLEAN SYSTEMS, INC.**

          **Defendant(s)**

**NO.**

## DISCLOSURE STATEMENT FORM

Please check one box:

X        The nongovernmental corporate party, in the above listed civil action does not have any

        parent corporation and  publicly held corporation that owns 10% or more of its stock.


        The nongovernmental corporate party, in the above listed civil action has the following

        parent corporation(s) and  publicly held corporation(s) that owns 10% or more of its stock:



November 12, 2019

Date                                Signature

                                      **Counsel for**: ULTRA CLEAN SYSTEMS, INC.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

**(a)**    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file  two copies of a disclosure statement that:

    **(1)**    identifies any parent corporation and any publicly held corporation  owning 10% or more of its stock; or

    **(2)**    states that there is no such corporation.

**(b)**    TIME TO FILE; SUPPLEMENTAL FILING.  A party must:

    **(1)**    file the disclosure statement with its first appearance, pleading,  petition, motion, response, or other request addressed to the court;  and

    **(2)**    promptly file a supplemental statement if any required information  change

## IN THE UNITED STATES DISTRICT COURTS
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONTINENTAL CASUALTY COMPANY

        Plaintiff(s),

   vs.

THERMOPLASTIC PROCESSES
A TPI PARTNERS CORP
and
ULTRA CLEAN SYSTEMS, INC.

        Defendant(s)

NO.

TO:   **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. 1446, 1441(a), and 1332, Defendant, Ultra Clean Systems, Inc. (hereinafter referred to as "Ultra Clean"), removes to this Court the above action, pending as a civil action No. 190800804 in the Court of Common Pleas, Philadelphia. As grounds for removal, Ultra Clean states:

### BACKGROUND

1. This civil action was commenced via Writ by Plaintiff on August 8, 2019 and is pending in the Court of Common Pleas, Philadelphia, a court located within this District, under Docket No. 190800804.

1

2. Plaintiff filed a Complaint on November 1, 2019 against Defendants, Ultra Clean Systems, Inc. and Thermoplastic Processes, A TPI Corp.[1]

3. This Court has jurisdiction over this action under 28 U.S.C. 1332, *et seq*. As such, removal is proper as this Court has diversity jurisdiction.

4. Ultra Clean Systems, Inc. is filing this Notice of Removal within thirty days of the filing of the Complaint in accordance with 28 U.S.C. 1446 (b)(1).

5. This Court has jurisdiction over this action under 28 U.S.C. 1332. As such, removal is proper as this Court has diversity jurisdiction.

6. Venue is proper in this Court because the Court of Common Pleas, Philadelphia, where this case was originally filed, is in this District. *See* 28 U.S.C. 1446(a).

7. Pursuant to 28 U.S.C. 1446(d), Ultra Clean Systems, Inc. is serving a copy of this Notice of Removal on all counsel of record and with the Prothonotary of the Court of Common Pleas, Philadelphia.

8. Pursuant to 28 U.S.C. 1446(a), a copy of all process, pleadings and orders served upon Ultra Clean Systems, Inc. prior to the filing of this Notice of Removal is attached hereto as **Exhibit "A."**

## DIVERSITY JURISDICTION

**Amount in Controversy**

9. Plaintiff forwarded a Statement of Loss on September 5, 2019 advising that the amount of loss is $614,407.35. *See* Plaintiff's Statement of Loss, a true and correct copy of which is attached hereto as **Exhibit "B."**

---

[1] A Stipulation was filed on October 23, 2019 correcting the name of Thermoplastic Processes, A TPI Partners Corp to TPI, Partners, Inc.

10.  As Plaintiff seeks damages in excess of $75,000, the matter is removable under 28 U.S.C. 1332.

**Diversity of Citizenship**

11. The diversity of citizenship requirement under 28 U.S.C. 1332(a) is met.

12. For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1).

13. Plaintiff is an Illinois company with a principal place of business in Chicago, Illinois. *See* Plaintiff's Complaint attached hereto as **Exhibit "A,"** p. 1.

14. Defendant, Ultra Clean Systems, Inc. is a Florida corporation with principal places of business in Oldsmar, Florida.

15. Defendant, TPI Partners, Inc. (incorrectly captioned as "Thermoplastic Processes, A TPI Corp.") is a Delaware corporation with principal places of business in Delaware.

16. Defendant, TPI Partners, Inc. (incorrectly captioned as "Thermoplastic Processes, A TPI Corp."). *See* TPI Partners, Inc. (incorrectly captioned as "Thermoplastic Processes, A TPI Corp.")'s consent to removal, a true and correct copy of which is attached hereto as **Exhibit "C."**

17. Therefore, the matter is removable pursuant to 28 U.S.C. 1332.

WHEREFORE, Defendant, Ultra Clean Systems, Inc. effects the removal of this action from the Court of Common Pleas, Philadelphia to the United States District Court for the Eastern District of Pennsylvania.

**MORGAN & AKINS, PLLC**

By: _____

PATRICIA A. BAXTER
pbaxter@morganakins.com
ALYSA TALARICO
atalarico@morganakins.com
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA 19102
Attorneys for Defendant Ultra Clean Systems, Inc.

Date: November 12, 2019

4

**IN THE UNITED STATES DISTRICT COURTS
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CONTINENTAL CASUALTY COMPANY**

       **Plaintiff(s),**

   **vs.**

**THERMOPLASTIC PROCESSES
A TPI PARTNERS CORP
and
ULTRA CLEAN SYSTEMS, INC.**

       **Defendant(s)**

**NO.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019, a copy of the foregoing Notice of Removal

was mailed first-class, postage prepaid, to all counsel of record at the following addresses:

Randy C. Greene, Esquire
Dugan, Brinkman, Maginnis and Pace
1880 John F. Kennedy Boulevard, Suite 1400
Philadelphia, PA 19103
*Counsel for Plaintiff*

Pete Swayze, Esquire
David Yavil, Esquire
Lewis Brisbois
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
*Counsel for Thermoplastics*

      **MORGAN & AKINS, PLLC**

By:           
        PATRICIA A. BAXTER
        pbaxter@morganakins.com

ALYSA TALARICO
atalarico@morganakins.com
The Graham Building
30 South 15th Street, Suite 701
Philadelphia, PA  19102
Attorneys for Defendant, Ultra
Clean Systems, Inc.

Date:   November 12, 2019

# Exhibit A

DUGAN, BRINKMANN, MAGINNIS AND PACE
BY: RANDY C. GREENE, ESQUIRE
ATTORNEY ID NO. 62692
1880 John F. Kennedy Boulevard
Suite 1400, 1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
rcgreene@dbmplaw.com
(215) 563-3500



Filed and Attested by the
Office of Judicial Records
08 AUG 2019 02:12 pm
A. SILIGRINI

| | |
|---|---|
| Continental Casualty Company<br>151 N. Franklin St.<br>Chicago IL 60606<br>v.<br><br>Thermoplastic Processes<br>A TPI Partners Corp<br>21649 Cedar Creek Ave<br>Georgetown, DE 19947<br><br>and<br><br>Ultra Clean Systems, Inc.<br>148 Dunbar Ave., Ste. A<br>Oldsmar, FL 34677 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>**JURY TRIAL DEMANDED**<br><br>AUGUST TERM, 2019<br><br>NO. |

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly issue a Writ of Summons in the above-captioned matter.

DUGAN, BRINKMANN, MAGINNIS AND PACE

BY: _____
RANDY C. GREENE, ESQUIRE

Case ID: 190800804

Summons
Citation

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

CONTINENTAL CASUALTY COMPANY

*Plaintiff*

      vs.

THERMOPLASTIC PROCESSES, et.al.
*Defendant*

COURT OF COMMON PLEAS

AUGUST    Term, 20___ 19

No.

To[1]

Thermoplastic Processes, A TPI Partners Corp, 21649 Cedar Creek Ave, Georgetown, DE 19947

Ultra Clean Systems, Inc., 148 Dunbar Ave., Ste. A, Oldsmar, FL 34677

Renovo Solutions, LLC, 4 Executive Circle, Ste. 185, Irvine, CA 92614

# Writ of Summons

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

Continental Casualty Company

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By:

Date:

190800804
08 AUG 2019 02:12 pm
A. SILIGRINI

10-235 (Rev. 6/14)

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 190800804

# Court of Common Pleas

AUGUST _____ Term, 20 __19__

No. _____

CONTINENTAL CASUALTY COMPANY, 151 N. Franklin St., Chicago IL 60606

_Plaintiff_

vs.

Thermoplastic Processes, A TPI Partners Corp, 21649 Cedar Creek Ave, Georgetown, DE 19947

_Defendant_

and

Ultra Clean Systems, Inc., 148 Dunbar Ave., Ste. A, Oldsmar, FL  34677

and

Renovo Solutions, LLC, 4 Executive Circle, Ste. 185, Irvine, CA  92614

# SUMMONS

DUGAN, BRINKMANN, MAGINNIS AND PACE
BY: RANDY C. GREENE, ESQUIRE
ATTORNEY ID NO. 62692
1880 John F. Kennedy Boulevard
Suite 1400, 1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
rcgreene@dbmplaw.com
(215) 563-3500



*Filed and Attested by the Office of Judicial Records 01 NOV 2019 01:16 pm S. RICE*

| | |
|---|---|
| Continental Casualty Company<br>151 N. Franklin St.<br>Chicago IL 60606<br>v.                          Plaintiff,<br><br>Thermoplastic Processes<br>A TPI Partners Corp<br>21649 Cedar Creek Ave<br>Georgetown, DE 19947<br><br>and<br><br>Ultra Clean Systems, Inc.<br>148 Dunbar Ave., Ste. A<br>Oldsmar, FL 34677<br>                          Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>**JURY TRIAL DEMANDED**<br><br>NO. 190800804<br><br>Complaint |

### NOTICE

You have been sued in court  If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff  You may lose money or property or other rights important to you

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

**Lawyer Referral Service
One Reading Terminal
1101 Market Street, 11th Flr.
Philadelphia, PA 19107**
(215) 238-1701

### AVISO

Le han demandado a usted en la corte  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación  A demás, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL

Case ID: 190800804

DUGAN, BRINKMANN, MAGINNIS AND PACE
BY: RANDY C. GREENE, ESQUIRE
ATTORNEY ID NO. 62692
1880 John F. Kennedy Boulevard
Suite 1400, 1880 John F. Kennedy Blvd.
Philadelphia, PA 19103
rcgreene@dbmplaw.com
(215) 563-3500

| | |
|---|---|
| Continental Casualty Company<br>151 N. Franklin St.<br>Chicago IL 60606<br>v.                                    Plaintiff,<br><br>Thermoplastic Processes<br>A TPI Partners Corp<br>21649 Cedar Creek Ave<br>Georgetown, DE 19947<br><br>and<br><br>Ultra Clean Systems, Inc.<br>148 Dunbar Ave., Ste. A<br>Oldsmar, FL 34677<br>                                    Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>**JURY TRIAL DEMANDED**<br><br>NO. 190800804<br><br>Complaint |

Plaintiff, Continental Casualty Company, by and through their attorneys, by way of Complaint against the Defendants, Thermoplastic Processes, a TPI Partners Corp., and Ultra Clean Systems, Inc., aver as follows:

1.      At all times relevant hereto, Continental Casualty Company a/s/o OSS Orthopedic Hospital LLC (hereafter OSS Orthopedic) is an Illinois company with a principal place of business at 151 N. Franklin St, Chicago, IL 60606.

2.      Defendant, Thermoplastic Processes, A TPI Partners Corp, (hereafter "Thermoplastic Processes") is a corporation with a principal place of business at 21649 Cedar Creek Avenue, Georgetown, DE 19947.

2

3.      Defendant, Ultra Clean Systems, Inc., (hereafter "Ultra Clean") is a corporation with a principal place of business at 148 Dunbar Ave., Ste. A, Oldsmar, Florida, 34677.

4.      At all times material hereto, all Defendants acted through their agents, servants, and employees.

5.      Venue is proper in the County of Philadelphia, as at all times relevant the defendants regularly and continually conduct business in the city of Philadelphia.

6.      All times material hereto, Defendants held themselves out to the public as skilled and competent in their fields of business.

7.      OSS Orthopedic Hospital is a limited liability company located at 1855 Powder Mill Rd., York, PA 17402.

8.      The loss occurred on August 12, 2017 at OSS Orthopedic Hospital in York, PA when a ¼ inch polymeric water hose (hereinafter "subject hose") connected to an ultrasonic sterilizer (hereinafter "sterilizer") failed resulting in substantial water damage.

9.      On information and belief, Defendant Ultra Clean Systems manufactured the ultrasonic sterilizer, which was fitted with the ¼ inch polymeric water hose either at the time of original  manufacture or during a reconditioning by Ultra Clean.

10.     The sterilizer was sold to OSS by Ultra Clean as reconditioned equipment.

11.     Upon information and belief, Defendant Thermoplastic Processes manufactured the subject hose. that failed.

12.     Upon information and belief, the subject hose was defective from manufacturing/material deficiencies that caused it to fail from oxidative degradation due to poor formulation of the polymeric material.

3

13.    The subject hose was defective as an alternate product manufactured from cross linked polyethylene (PFX) material was available at the time of the sale or distribution of the sterilizer that would have provided superior resistance to oxidation and burst failures.

14.    As a result of the failure of the subject hose water flowed from the tubing and onto Plaintiff's property, causing significant water damage to the structure, fixtures and equipment.

15.    As a result of the water loss described above, OSS Orthopedic Hospital sustained significant damage to its property.

16.    Continental Casualty Company ("Continental") insured OSS Orthopedic  under an insurance policy that provided coverage to OSS Orthopedic for property damage (hereinafter the "Insurance Policy").

17.    Pursuant to the terms and conditions of the Insurance Policy, Continental paid to or on behalf of OSS Orthopedic certain damages that it sustained as a result of the incident.

18.    Pursuant to the terms and conditions of the Insurance Policy, and the payments made thereunder, Continental is subrogated to the rights of OSS Orthopedic against the person(s)/entity(ies) responsible for the damages paid by Continental under the Insurance Policy.

19.    Plaintiff is entitled to prejudgment interest on all liquidated damages from the date of payment to, or on behalf of its insured.

## COUNT 1 – STRICT PRODUCTS LIABILITY
### Plaintiff v. Thermoplastic Processes

20.    Plaintiff incorporates each of the above allegations as though set forth herein.

21.    Defendant Thermoplastic Processes is and at all times herein mentioned was engaged in the business of marketing, selling and distributing water hoses for sale to and use by members of the general public and, as part of its business, marketed, sold, and distributed the

4

subject ¼' polymeric water hose used as part of the ultrasonic sterilizer at the Plaintiff's property.

22.     Defendant Thermoplastic Processes had a duty of care in manufacturing, marketing, selling and distributing the subject hose so that the product was not defective.

23.     The subject hose at the time it was sold was unreasonably dangerous and unsuitable for its intended use by reason of defects in the design and/or manufacture.

24.     At all relevant times, the subject hose was marketed, sold and distributed by Defendant Thermoplastic Processes in an unreasonably dangerous and defective condition that rendered the product unsuitable for its intended or reasonably foreseeable use.

25.     On or about August 12, 2017, Plaintiff was using the ultrasonic sterilizer with the subject hose connected in the manner intended, when, as a proximate result of the defects described herein, the subject hose failed resulting in the subject property damage.

26.     As a proximate result of the defects and damage as herein alleged, the Plaintiff sustained damage to its property in an amount in excess of $50,000.

WHEREFOR, Plaintiff demands judgment against Defendant Thermoplastic Processes for damages in the amount in excess of $50,000, plus prejudgment interest and costs of bringing this action.

## COUNT 2 – NEGLIGENCE
### Plaintiff v. Thermoplastic Processes

27.     Plaintiff incorporates each of the above allegations as though set forth herein.

28.     Defendant Thermoplastic Processes had a duty to use due care in manufacturing, marketing, selling and distributing the ¼' polymeric water hose so that those products were not defective.

Case ID: 190800804

29.    Defendant Thermoplastic Processes breached its duty by placing the subject hose into the stream of commerce when it either knew or should have known of its defective nature and the potential harm to members of the general public and to the Plaintiff.

30.    Defendant Thermoplastic Processes had a duty to act responsibility under the circumstances and to take all reasonable steps to protect Plaintiff's property from damage such as that which occurred on August 12, 2017.

31.    The negligent acts of Defendant Thermoplastic Processes consist of the following:

(a) Failing to properly manufacture the ¼" polymeric water hose;

(b) Failing to properly design the ¼" polymeric water hose;

(c) Failing to properly inspect ¼" polymeric water hose;

(d) Failing to make certain the ¼" polymeric water hose were properly positioned

(e) Failing to protect the subject property from damage

(f) Failing to employ and select competent subcontractors, agents, servants and employees;

(g) Failing to supervise its employees and/ or subcontractors and to ensure proper methods were being used;

(h) Failing to supervise, train, and/or improve the methods used by its employees and/or subcontractors;

(i) Failing to exercise the care, caution and diligence required under the circumstances;

(j) Failing to exercise the due care, caution, and diligence required in the hiring, supervising, and training of employees and/or subcontractors required under the circumstances;

(k) Failing to protect property from damage as a result of negligent supervision and training of its employees and/or subcontractors;

(l) Failing to perform its work in conformance with the applicable standard of care, applicable codes, rules and regulations.

Case ID: 190800804

32.     As a direct and proximate result of Defendant Thermoplastic Processes negligence, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant Thermoplastic Processes for damages in the amount in excess of $50,000, plus prejudgment interest and costs of bringing this action.

## COUNT 3 – STRICT PRODUCT LIABILITY
### Plaintiff v. Ultra Clean Systems

33.     Plaintiff incorporates each of the above allegations as though set forth herein.

34.     Defendant Ultra Clean Systems is and at all times herein mentioned was in the business of marketing, selling, installing and distributing new and a reconditioned ultrasonic sterilizing medical device cleaning system for sale to and use by members of the general public and, as part of its business, marketed, sold, and distributed the reconditioned ultrasonic sterilizing medical device cleaning system for use at the Plaintiff property.

35.     Defendant Ultra Clean Systems had a duty to use due care in manufacturing, marketing, selling and distributing the reconditioned ultrasonic sterilizing medical device cleaning system so that the product was not defective.

36.     The reconditioned ultrasonic sterilizing medical device cleaning system at the time it was sold was unreasonably dangerous and unsuitable for its intended use by reason of defects in its design and/or manufacture.

37.     At all relevant times, the reconditioned ultrasonic sterilizing medical device cleaning system was marketed, sold and distributed by Defendant Ultra Clean Systems in an unreasonably dangerous and defective condition that rendered the product unsuitable for its intended or reasonably foreseeable use.

7

38.     On or about August 12, 2017, Plaintiff was using the ultrasonic sterilizing medical device cleaning system in the manner intended, when, as a proximate result of the defects described herein, the reconditioned ultrasonic sterilizing medical device cleaning system failed, resulting in the subject property damage.

39.     As a proximate result of the defects and damage herein alleged, the Plaintiff sustained damage to its property in amount in excess of $50,000.

WHEREFORE, Plaintiff demands judgment against Defendant Ultra Clean Systems for damages in the amount in excess of $50,000, plus prejudgment interest and costs of bringing this action.

## COUNT 4 – NEGLIGENCE
### Plaintiff v. Defendant Ultra Clean Systems

40.     Plaintiff incorporates the preceding paragraphs by reference as though the same were more fully set forth herein at length.

41.     Defendant Ultra Clean Systems had a duty to use due care in manufacturing, marketing, selling, installing and distributing the reconditioned ultrasonic sterilizing medical device cleaning system so that the product was not defective.

42.     Defendant Ultra Clean Systems breached its duty by placing the defective reconditioned ultrasonic sterilizing medical device cleaning system into the stream of commerce when it either knew or should have known of the defective nature of the ultrasonic sterilizing medical device cleaning system, and the potential harm to members of the general public and to the Plaintiff.

8

Case ID: 190800804

43.     Defendant Ultra Clean Systems had a duty to act responsibly under the circumstances and to take all reasonable steps to protect Plaintiff's property from damage such as that which occurred on August 12, 2017.

44.     The negligent acts of Defendant Ultra Clean Systems consists of the following:

(a) Failing to properly manufacture and/or recondition the subject ultrasonic sterilizing medical device cleaning system

(b) Failing to properly inspect the ultrasonic sterilizing medical device cleaning system

(c) Failing to properly inspect the ¼" polymeric water hose connected to the ultrasonic sterilizing medical device cleaning system

(d) Failing to select a proper component for the ultrasonic sterilizing medical device cleaning system

(e) Failing to protect the subject property from damage

(f) Failing to employ and select competent subcontractors, agents, servants and employees;

(g) Failing to supervise its employees and/or subcontractors and to ensure proper methods were being used;

(h) Failing to supervise, train, and/or improve the methods used by its employees and/or contractors

(i) Failing to exercise the due care, caution, and diligence required under the circumstances;

(j) Failing to exercise due care, caution, and diligence required in the hiring, supervising, and training of employees and/or subcontractors required under the circumstances;

(k) Failing to provide adequate notice required under the circumstances;

(l) Failing to protect property from damages as a result of negligent supervision and training of its employees and/or subcontractors;

(m) Failing to protect the subject property from damage;

(n) Failing to perform its work in conformance with the applicable standard of care, applicable codes, rules and regulations.

Case ID: 190800804

45.     As a direct and proximate result of Defendant Ultra Clean Systems negligence, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant Ultra Clean Systems for damages in the amount in excess of $50,000, plus prejudgment interest and costs of bringing this action.

DUGAN, BRINKMANN, MAGINNIS AND PACE

By: _____

Randy C. Greene., ESQUIRE
Attorney for Plaintiff

10

## VERIFICATION

Kathleen LaVallie, hereby avers that the allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief; and that the statements in said pleading are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

Kathleen LaVallie

Kathleen LaVallie
**Continental Casualty Company**

Date:___10|31| A_____

# Exhibit B



## SWORN STATEMENT IN PROOF OF LOSS

Blanket All Coverages - $164,728,404

AMOUNT OF POLICY AT TIME OF LOSS

**6014580621**
POLICY NUMBER

1/1/17
DATE ISSUED

Mechanicsburg, PA
AGENCY AT

1/1/18
DATE EXPIRES

Murray Insurance
AGENT

To the   Continental Casualty Company

of   Chicago, IL

At time of loss, by the above indicated policy of insurance you insured

OSS Orthopedic Hospital LLC

against loss by          Signature Policy Perils          to the property described under Schedule "A", according to

the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1.  **Time and Origin:** A (STATE KIND)   water   loss occurred about the hour of _____ o'clock ____ M.,

on the   12th   day of   August   ,2017   . The cause and origin of the said loss were:

Leak from ultra-sonic cleaner

2.  **Occupancy:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for

no other purpose whatever:

Medical Facility

3.  **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was

Owner          No other person or persons had any interest therein or

incumbrance thereon, except:

N/A

4.  **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy,

possession, location or exposure of the property described, except:

None

5.  **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss,

164,728,404          , as more particularly specified in the apportionment attached under Schedule "C", besides which there was

no policy or other contract of insurance, written or oral, valid or invalid.

6.  The Actual Cash Value of said property at the time of loss was . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $

7.  The Whole Loss and Damage was . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $614,407.35

8.  The Amount Claimed under the above numbered policy is for the Bldg, BBP & Bint claim les ded . .   $604,407.35

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with
the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or
in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed,
and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be
required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its
rights.

### WARNING

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any
materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a
fraudulent insurance act, which is a crime.

State of   Pennsylvania

County of   York

Subscribed and sworn to before me this   17th   day of   August   , 20 18

_____   Notary public

OSS Orthopedic Hospital
Individual Insured or Firm Name

X _____
Authorized Signature and Title

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Rochelle L. Dillon, Notary Public
Dover Twp., York County
My Commission Expires July 21, 2019
MEMBER PENNSYLVANIA ASSOCIATION OF NOTARIES

**Error! No text of specified style in document.-2-**

8/16/2018

## SCHEDULE "A" - POLICY FORM

Policy Form No.  G300709A                         Dated   10/08

Item 1.   $30,461,600                on   Building

Item 2.   $17,700,000                on   Business Personal Property

Item 3.   $31,724,120                on   Time Element

Item 4.   $                          on

Situated    1855 Powder Mill Road, York, PA 17402

Coinsurance, Average, Distribution, or Deductible Clauses, if any      $10,000 (deductible)

Loss, if any, payable to

## SCHEDULE "B"
## STATEMENT OF ACTUAL CASH VALUE AND LOSS AND DAMAGE

|  |  | ACTUAL CASH VALUE | | LOSS AND DAMAGE | |
|---|---|---|---|---|---|
| Item 1 | Building | 394,079 | 79 | 436,143 | 84 |
| Item 2 | Business Personal Property | 59,259 | 10 | 60,163 | 85 |
| Item 3 | Time Element | 118,099 | 67 | 118,099 | 67 |
|  | Less Deductible | (10,000) |  | (10,000) |  |
|  |  |  |  |  |  |
| Totals: | CLAIM | 581,438 | 55 | 604,407 | 35 |

## SCHEDULE "C" - APPORTIONMENT

| POLICY NO. | EXPIRES | NAME OF COMPANY | ITEM NO. _____ | | ITEM NO. _____ | |
|---|---|---|---|---|---|---|
|  |  |  | INSURES | PAYS | INSURES | PAYS |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| Totals: |  |  |  |  |  |  |

_____ Adjuster

## RECEIPT FOR PAYMENT

Received of _____ (insurer) of _____

Dollars  ($_____ )

in full satisfaction and indemnity for all claims and demands upon said company on account of said loss and damage and the said policy

is hereby _____ (State whether **Reduced, Reduced and Reinstated or Canceled by payment.**)

Dated _____, 19_____                _____
                                                         The Insured

Dated _____, 19_____                _____
                                                         The Mortgagee

CL107/

# Exhibit C

**Alysa Talarico**

| | |
|---|---|
| **From:** | Yavil, David <David.Yavil@lewisbrisbois.com> |
| **Sent:** | Monday, November 11, 2019 7:50 AM |
| **To:** | Alysa Talarico |
| **Cc:** | Lisa M. Pungitore |
| **Subject:** | Continential v. Ultra Clean- Removal to Federal Court |

Hi Alysa,

Sorry for the delay.   We consent to you seeking removal to federal court.

Thanks,

David

**From:** Alysa Talarico [mailto:Atalarico@morganakins.com]
**Sent:** Wednesday, November 6, 2019 2:12 PM
**To:** Yavil, David
**Cc:** Lisa M. Pungitore
**Subject:** [EXT] RE: Ultraclean Inspection Protocol-Oss/Ultra Clean, et al


Any update?

Alysa

Alysa Talarico, Esquire
**Morgan & Akins, PLLC**
The Graham Building
30 S. 15th Street
Philadelphia, PA 19102
(267) 691-3900 (direct)
(215) 600-1234 (main)



**MORGAN &
AKINS, PLLC**
ATTORNEYS AT LAW

**From:** Yavil, David [mailto:David.Yavil@lewisbrisbois.com]
**Sent:** Monday, November 4, 2019 1:08 PM
**To:** Alysa Talarico <Atalarico@morganakins.com>
**Cc:** Lisa M. Pungitore <LPungitore@morganakins.com>
**Subject:** RE: Ultraclean Inspection Protocol-Oss/Ultra Clean, et al

Hi Alysa,

We are seeking consent from our client and principal and will get back to you shortly.

 **David A. Yavil**
**Attorney**
David.Yavil@lewisbrisbois.com

**T: 215.977.4069  F: 215.977.4101**

550 E. Swedesford Road, Suite 270, Wayne, PA 19087  |  **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**

This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Alysa Talarico [mailto:Atalarico@morganakins.com]
**Sent:** Monday, November 04, 2019 1:17 PM
**To:** Yavil, David
**Cc:** Lisa M. Pungitore
**Subject:** [EXT] RE: Ultraclean Inspection Protocol-Oss/Ultra Clean, et al



We are likely going to remove this case. Does TPI Partners, Inc. (incorrectly captioned as Thermoplastics Processes) consent to the removal?

Alysa Talarico, Esquire
**Morgan & Akins, PLLC**
The Graham Building
30 S. 15th Street
Philadelphia, PA 19102
(267) 691-3900 (direct)
(215) 600-1234 (main)

 **MORGAN &
AKINS, PLLC**
ATTORNEYS AT LAW