IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONTINENTAL CASUALTY COMPANY     :          CIVIL ACTION
                                 :
            v.                   :
                                 :
THERMOPLASTIC PROCESSES A TPI    :          NO. 19-5326
PARTNERS CORP., et al.

                            MEMORANDUM

Bartle, J.                                      December 9, 2019

         This is an action originally filed in the Court of Common Pleas of Philadelphia County and then removed to this court based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). Before the court is the motion of defendant Ultra Clean Systems, Inc. ("Ultra Clean") to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Pennsylvania. Ultra Clean has also moved for partial dismissal of the complaint to the extent it alleges negligence per se.

         Plaintiff Continental Casualty Company ("Continental") avers that it provided insurance coverage for and paid a property damage claim of OSS Orthopedic Hospital ("Hospital") in York, Pennsylvania. Substantial water damage purportedly occurred from the failure of a polymeric water hose connected to an ultrasonic sterilizer. Continental, as the Hospital's subrogee, asserts that defendant Ultra Clean manufactured and sold the reconditioned ultrasonic sterilizer to the Hospital and

that defendant TPI Partners, Inc.[1] ("TPI Partners") manufactured the hose. Plaintiff brings strict product liability and negligence claims against the defendants.

Continental is an Illinois company with its principal place of business in Chicago. TPI Partners is incorporated and has its principal place of business in Delaware while defendant Ultra Clean is incorporated and has its principal place of business in Florida.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

The burden of proof rests on the movant to establish that "all relevant things considered the case would be better off transferred to another district." In re U.S., 273 F.3d 380, 388 (3d Cir. 2001)(quoting In re Balsimo, 68 F.3d 185, 186 (7th Cir. 1995)).

The Court of Appeals decision in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995) governs the analysis of the pending motion. The Court has outlined a number of private and

---

1. Plaintiff stated in its notice of removal that its complaint incorrectly denominated defendant TPI Partners, Inc. as "Thermoplastic Processes A TPI Partners Corp."

-2-

public factors which must be considered.  The private factors include:

> [1] plaintiff's forum preference as manifested in the original choice, [2] the defendant's preference, [3] whether the claims arose elsewhere, [4] the convenience of the parties as indicated by their relative physical and financial condition, [5] the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and [6] the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara, 55 F.3d at 879.

While the plaintiff's choice of forum should not be lightly disturbed, it is afforded less weight when the plaintiff selects a forum other than where the plaintiff resides. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 236 (1981); In re Link A Media Devices Corp., 662 F.3d 1221, 1223 (Fed. Cir. 2011).  Here, all the parties are corporations with states of incorporation and principal places of business other than Pennsylvania.  The Hospital where the damage took place is located in York, Pennsylvania in the Middle District of Pennsylvania.  It is approximately 100 miles from Philadelphia where this court sits and approximately 25 miles from Harrisburg, the place of the nearest courthouse in the Middle District.

The plaintiff chose to bring this lawsuit in the state court in Philadelphia. The defendant TPI Partners, situated in nearby Delaware, appears to be satisfied with venue in this court. Significantly, only the defendant Ultra Clean, whose address is in Florida, has moved to transfer the action to the Middle District of Pennsylvania. Ultra Clean, we note, is no nearer to that forum than this forum and in terms of long-distance travel, the Middle District, if anything, is less convenient for it. In support of its motion to transfer, Ultra Clean does not raise any concern about adverse financial effects on any of the parties if the action remains in this court.

While it is true that the damage suffered by the Hospital occurred in York County in the Middle District of Pennsylvania, not all witnesses or documents are located there. This action involves claims of strict liability and negligence involving the manufacture of the hose and sterilizer. No one contends that the manufacture of these items occurred in the Middle District. Undoubtedly documentation and witnesses are also present in Delaware and Florida. In addition, experts will surely be needed, and in this regard one forum will not be more convenient than the other.

There is nothing before the court to demonstrate that any books and records cannot easily be made available in this district. Nor has Ultra Clean argued that the specific products

in issue, if still at the Hospital, cannot just as easily be transported here as to Harrisburg.

In sum, the private factors which must be taken into account under Jumara do not weigh in favor of transferring this action to the Middle District of Pennsylvania.

There are also public factors under Jumara which we must consider:

> [1] the enforceability of the judgment, [2] practical considerations that could make the trial easy, expeditious, or inexpensive, [3] the relative administrative difficulty in the two fora resulting from court congestion, [4] the local interest in deciding local controversies at home, [5] the public policies of the fora, and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80.

Any judgment, of course, can be enforced regardless of which district is the trial forum. We see no practical consideration or administrative issues which would favor a trial in the Middle District of Pennsylvania rather than in the Eastern District. There is no evidence that congestion in either court is an issue. The undersigned is current with his docket. While the Hospital, which suffered damage, is located in the Middle District, it has already been compensated for its loss by Continental. The insurer's lawsuit to recover money as a subrogee is of little interest to the Hospital or to the

-5-

residents of that district.  Moreover, both districts lie within the Commonwealth of Pennsylvania so that no public policy differences exist and there is no concern about familiarity with applicable state law.  The public policy factors simply do not support transfer.

Ultra Clean has not met its burden to disturb Continental's choice of venue.  In accordance with Jumara, the motion of defendant Ultra Clean to transfer venue under § 1404(a) to the United States District Court for the Middle District of Pennsylvania will be denied.

Ultra Clean also seeks partial dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to the extent that it contains claims of negligence per se.  Plaintiff, in its opposing brief, agrees to strike the relevant paragraph 44(n) of the complaint without prejudice to its right to seek a jury instruction on negligence per se if the evidence warrants it.  We will order paragraph 44(n) stricken and await future developments concerning the issue of jury instructions.  See Cabiroy v. Scipione, 767 A.2d 1078, 1082 (Pa. Super. 2001).